# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MECHELE R. PARKER,<br>             Appellant, | DOCKET NUMBER<br>DC-1221-14-0328-W-1 |
| v. | |
| PENSION BENEFIT GUARANTY<br>     CORPORATION,<br>             Agency. | DATE: April 3, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mechele R. Parker, Clinton, Maryland, pro se.

Katherine Leong, and Paul Chalmers, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In this individual right of action (IRA) appeal, the appellant alleged that the agency took several personnel actions, including her removal, in retaliation for her alleged whistleblowing activity. Initial Appeal File (IAF), Tab 1. The administrative judge issued an order advising the appellant of her burden to establish jurisdiction over her IRA appeal, IAF, Tab 3, the parties responded, IAF, Tabs 9, 11, and the appellant replied to the agency's response, IAF, Tabs 13, 15. Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID). Specifically, the administrative judge found that, although the appellant had exhausted her remedies before the Office of Special Counsel (OSC) and was subjected to several personnel actions, she failed to raise a nonfrivolous allegation that she made a disclosure protected under 5 U.S.C. § 2302(b)(8). ID at 3-4.

¶3 In her timely-filed petition for review,[2] the appellant argues that she did make nonfrivolous allegations that she made protected disclosures and that her alleged disclosures are neither vague nor unintelligible, as described by the

[2] The appellant requested, and the Board granted, an extension of time in which to file her petition for review. Petition for Review File, Tabs 1-2.

administrative judge, but are instead understandable and need no further clarification. Petition for Review (PFR) File, Tab 3 at 2. She argues that she has shown a convincing mosaic of retaliation by agency officials against her, who she alleges forced her to apply for disability retirement in order to receive some steady income. *Id.* at 3-4. The agency responds in opposition. PFR File, Tab 5.

¶4 The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). As noted above, the administrative judge found that the appellant failed to make a nonfrivolous allegation that she made a protected disclosure. ID at 4-5.

¶5 Disclosures protected by 5 U.S.C. § 2302(b)(8) include any disclosure that the employee reasonably believes evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. *Christensen v. Department of Justice*, 82 M.S.P.R. 430, ¶ 10 (1999). The disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters. *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 10 (1999). Conclusory, vague, or unsupported allegations are insufficient to qualify as nonfrivolous allegations of IRA jurisdiction. *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 7 (2008).

¶6 Our thorough review of the record confirms the administrative judge's finding that "the appellant's assertion of unspecified and outlandish conduct by unidentified agency officials does not constitute a nonfrivolous allegation of whistleblowing activity, i.e., the making of a protected disclosure." ID at 5 (citing *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 17 (2006) and *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 21 (2005)).

Moreover, the appellant identifies nothing on review that would help to explain her disclosures or otherwise indicate a reasonable belief that the information she disclosed evidenced a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision). We find that the administrative judge fairly characterized the appellant's allegations before OSC and we find no reason on review to disturb his well-explained findings. *See, e.g.*, *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (there is no reason to disturb the conclusions of the administrative judge when the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶7    Thus, we agree with the administrative judge that the appellant's conclusory and vague contentions in this matter are insufficient to constitute nonfrivolous allegations that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that she therefore has failed to establish Board jurisdiction over her IRA appeal. Accordingly, we DENY the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board

appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.